THE METROPOLITAN NATIONAL BANK OF THE CITY OF NEW YORK, appellant,

*v.*

WILLIAM R. MOREHEAD, assignee &c., respondent.

WILLIAM R. MOREHEAD, assignee &c., appellant,

*v.*

THE METROPOLITAN NATIONAL BANK OF THE CITY OF NEW YORK, respondent.

1. By the act regulating assignments, as it stood before revision, it was declared that all creditors who should not present their claims "within the term of three months, as aforesaid," should be barred of a dividend. The term of three months referred to was the period fixed in a previous part of the act as the time at the expiration whereof the assignee, having given notice to the creditors to come in, was to file the list of creditors who "should claim to be such." In the revision, power was given to the orphans court to extend the time for filing the list, and the language of the provision declaring the bar was altered by substituting the words "within the time allowed by this act" for "within the term of three months, as aforesaid."—*Held*, that the act still declares a bar in case the creditor shall not come in within the three months, or such further time, if any, as may be allowed by the orphans court in case of failure to file the list or give the notice.

2. An order made on April 28th, 1881, requiring creditors to present their claims before July 28th, 1881, held defective in that it did not allow three months for the presentation of creditors' claims.—*Held, also,* that a creditor who did not put in his claim within that time, but did so afterwards and before distribution, was not barred, but was entitled to receive the same dividends as all the other creditors who had come in.

Appeal from order of Essex orphans court.

*Mr. R. V. Lindabury* and *Mr. John C. Shaw,* of New York, for the bank.

*Mr. C. Borcherling,* for the assignee.

THE ORDINARY.

On April 28th, 1881, the members of the firm of Marley, Eunson & Co., of Newark, made an assignment, under the assignment act, to William R. Morehead, for the benefit of the creditors of the copartnership. The assignee gave notice of the assignment, as required by the third section of the act, and afterwards gave notice under the fifth section, which requires that notice be given to creditors that all claims against the estate be made as "thereinafter prescribed," or be forever barred from coming in for a dividend of the estate. His notice required the creditors to come in before the 28th of July, 1881 (which day, it declared, was three months from the date of the assignment), or be forever barred. The Metropolitan National Bank of the City of New York is a creditor. It did not put in its claim within the time mentioned in the notice, nor within the three months, but exhibited it on the 30th day of January, 1882. The amount of its claim was at that day $7,054.87. The assignee refused to recognize it, and on the 7th of February, 1882, obtained an order of the orphans court (without notice) disallowing it, and directing that a dividend of twenty-five per cent. on the amount of their claims be paid to the other creditors whose claims had been allowed, and expressly excluding that of the bank, on the ground that it was not presented within the time limited by law. The bank filed a petition praying relief against that order. After

hearing, the court allowed its claim, and, by its order of January 22d, 1884, directed that it be included among those allowed, and that it was entitled to receive future dividends, but not the dividend already paid. From that order both parties appealed.

This case presents a question depending for its decision upon the construction of the act before referred to "to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors." *Rev. p. 76.* The counsel of the bank argue and insist, and it was so held in the court below, that the act, as it now stands after revision, contains no provision barring creditors. This conclusion is drawn from the assumption that the act, as revised, omits a material provision which was contained in it as it stood previously to the revision—a provision essential to creating the bar. In revising the act, the words "within the term of three months, as aforesaid" were omitted, and the words "within the time allowed by this act" substituted therefor, and it is claimed that the omission of the former words prevents the bar. I do not think so. Let us consider the provisions of the act: The third section provides that the assignee shall forthwith, after the making of the assignment, give three weeks' public notice by advertisement that the assignment has been made and that the creditors present their claims under oath or affirmation. The fifth directs that at the expiration of three months from the date of the assignment, the assignee shall file with the surrogate a true list, under oath or affirmation, of all such creditors of the debtor as shall claim to be such, with a true statement of their respective claims; but (it provides) he is first to give notice by advertisement, for six weeks next preceding the end of the term, that all claims against the estate must be made as "thereinafter prescribed," or be forever barred from coming in for a dividend of the estate otherwise than thereinafter provided; and the section then gives the orphans court power, in case of failure to file the list or give the notice, to extend and fix the time, not exceeding six months from the date of the assignment. The sixth section provides for the filing by the assignee or any other creditor or other person interested, at the next term of the orphans court, of exceptions to

the claim of any creditor exhibited "as aforesaid," and for the hearing of the exceptions by the court at the same or any subsequent term, and for an appeal from the decision of the orphans court thereon ; and the next section provides for trial by jury, if demanded, instead of by the court; the orphans court, in such case, to certify to that end the exceptions and the account excepted to into the circuit court of the county. By the eighth section, it is provided that at the first term of the orphans court succeeding the expiration of the time fixed for filing the list of creditors and of giving notice to creditors, if there be no exceptions to claims, or if any have been made and they have been adjudicated upon or settled by the court, the assignee shall proceed to make dividends of the assets among "said" creditors in proportion to their claims. By the twentieth section, it is declared that if any creditor shall not exhibit his claim within the time "allowed by the act," the claim shall be barred of a dividend unless the estate shall prove sufficient after the debts exhibited and allowed are fully satisfied, or the creditor shall find some other estate not accounted for by the assignee before distribution, in which case he shall be entitled to a ratable proportion therefrom. The intention of the legislature to declare that all claims not exhibited within the three months or such further time, if any, as may be given by the orphans court under the provisions of the fifth section, is unmistakable. It is urged, however, that the direction for notice that claims must be made as "thereinafter [in the act] prescribed" or be forever barred from coming in for a dividend, is nugatory, because, in fact, no time for making claim is thereinafter limited at all. But this is a false assumption; a time is limited. The twentieth section declares the bar in case the creditor shall not exhibit his claim "within the time allowed by the act." In the section as it stood before revision, instead of the words just quoted were the words "within the term of three months as aforesaid," and it is insisted and was held by the orphans court that while the latter words created a bar, the former, those in the section as revised, do not. But the distinction is not well taken; it cannot be maintained. The provision is in both cases the same; the

Metropolitan Bank v. Morehead.

expressions are the equivalents of each other; they mean the
same thing. In the section as it stood before revision, there
was, it will be perceived, a reference to a previous limitation
of time. The expression is "the term of three months, *as
aforesaid.*" That reference is to the provision for filing the
list in the fifth section of the act as it then stood, which pro-
vision was identically the same as that contained in that section
as revised, except that the revision confers power on the
court to extend the time. It was probably in view of the
introduction of the provision for extending the time that the
words "within the time allowed by this act" were substituted
for the words "within the term of three months, as afore-
said," in what is now the twentieth, but before the revision
was the eleventh section. As the act stood before revision, the
time within which claims were to be put in was strictly limited
to three months, and the provision as it then stood, in the section
just referred to, was in accordance with that limitation; but
when in the revision power was given to the orphans court to
extend the time, it would not have been in accordance with the
provisions of the act to declare a bar of all claims not put in
within the three months, for there might be an extension of the
time, and therefore, in order to adapt the section to the changed
condition, the words " within the time allowed by this act" were
substituted for the words " within the term of three months, as
aforesaid." But, as before stated, the legislature, in declaring the
bar in the section as it stood before revision, did so by referring to
a period previously fixed in the act, and that period was fixed by
the act then just as it is now, and in no other way. Therefore, the
substitution of the words " within the time allowed by this act "
for the words " within the term of three months, as aforesaid,"
effectuates, instead of frustrates, the intention of the legislature.
The direction for notice given in the fifth section is that creditors
are to be notified to come in as subsequently in the act prescribed.
The provision that they will be barred if they do not come in
within the time allowed by the act, is just as definite and just as
declaratory of the terms, on non-compliance with which the bar
will be created, as were the words "within the term of three

months, as aforesaid," in the section as it stood in the act before revision; for in neither case is there any original limitation of time in the section, but in each the reference is to the provisions previously made in the act for the putting in of claims, and those provisions are identically the same in the act now as they were before revision, with the exception, as before stated, of the grant of power to extend the time, in view of which alone the change in language under consideration was made.    There was then no omission in the revision of the section, but merely a change of language, rendered necessary by the grant of power to extend the time.    And if the bar existed under the act as it stood before revision, as it undoubtedly did, it exists now.    What is the "time allowed by the act?"    It is three months from the date of the assignment, unless the time be extended by the orphans court, and then it is the period between the date of the assignment and the time fixed by the court.    The act directs the assignee (he first having given notice) to file his list of all such creditors of the debtor *as shall claim to be such* (*i. e.*, by putting in their claims under oath or affirmation), with a true statement of their respective claims, at the expiration of three months from the date of the assignment.    The notice is to be advertised for the last six weeks of "said term" (three months).    The court, however, may give further time.    At the first term after the expiration of the time fixed for filing the list and giving notice, the assignee is to proceed, if there be no exceptions, or, if there have been any, and they have been disposed of, to make distribution of the estate among "said" creditors, *i. e.*, those who have come in. The "time allowed by the act" is manifestly the three months after the date of the assignment, unless further time be given, and then such further time is to be added thereto.    As the act stood before revision, the time allowed by the act was only three months from the date of the assignment.    The court had no power to extend it.    It is the duty of courts to put a reasonable construction on statutes in order to effectuate rather than to frustrate them.    Where the legislative intention can, as it can here, be clearly discerned, and can be effectuated without doing violence to the language in which the legislature has expressed itself, it is

Metropolitan Bank v. Morehead.

the plain duty of the courts to uphold the law and carry out the intention of the law-maker. It is urged that the provision in question is to be construed strictly, on the ground that it works a forfeiture. If, in fact, it did work a forfeiture, the principle of construction which I have applied would still be applicable; for penal provisions, like all others, are to be fairly construed according to the legislative intent as plainly expressed in the enactment. But the act is a remedial one—a law to secure to creditors fairness in the distribution of the estates of their debtors, when the latter assign their property for the benefit of their creditors. The provision under consideration works no forfeiture. It indeed excludes those who do not come in within the time fixed for the purpose; but it is necessary in order to make the distribution that some time should be fixed, and if the law did not do it, the court might do so, as the court of chancery does without such provision, in proceedings in the case of insolvent corporations, under the act concerning corporations. The liability of the debtor to those who do not come in is not affected by the failure to come in. They are merely excluded from participation in the distribution of the assets assigned. They are regarded as having elected to hold their claims against the debtor rather than accept the dividend in satisfaction of them. Considering this act as a whole, there can be no doubt that the legislature designed to bar creditors who should not have come in within the time allowed by the act, that is, within the three months or such further time, if any, as might be granted by the court, in view of the failure to file the list or give the notice as directed by the act.

It will not be out of place to remark that the legislature at its last session passed an amendatory act (*P. L. of 1884 p. 27*), by which it was enacted that the twentieth section be amended so as to provide that if any creditor shall not exhibit his claim within three months from the date of the assignment, or within such other time as may be fixed by the court in accordance with the fifth section of the original act, such claim shall be

Note.—See *P. L. of 1884 p. 183.*—Rep

barred of a dividend unless the estate shall prove sufficient after the debts exhibited and allowed are fully satisfied, or such creditor shall find some other estate &c. ; and further providing that that amendatory act shall not apply to the case of any assignment theretofore made, but that in any such case the court may, by order, limit the time for exhibiting the claim to a period of not less than three months from the date of the assignment, nor more than three months from the date of the order. That act, it may be observed, was passed in disregard of the constitutional provision prohibiting the reviving or amending of acts by reference to their titles only, and requiring that the act revived or the section or sections amended, shall be inserted at length. It is evidence, however, of the intention of the legislature in passing the original act, and is a construction put by it upon that act.

But the notice in this case was defective. It required creditors to come in " *before* the 28th day of July " (1881), " being, as the notice alleged, three months from the date of the assignment ; " that is, they were to come in on the 27th, at the latest. The three months from the date of the assignment did not expire until the 28th. The bank did not put in its claim until the 30th of January, 1882. But in order to bar the creditor, notice must be given in accordance with the provisions of the act. The bank, therefore, was not barred, and the court very properly ordered that it be admitted as a creditor. It follows that it was entitled to receive out of the estate the same dividends as the other creditors who had come in within the three months, including the twenty-five per cent. paid in February, 1882. The court below, while it allowed the claim, refused to order the payment of that twenty-five per cent. upon it. That part of its order was erroneous and it must therefore be reversed. In other respects the order is correct.